**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TAMARA VANCE, | ) | |
| on behalf of herself and a class, | ) | |
| | ) | |
| Plaintiff, | ) | 11-cv-7013 |
| | ) | |
| v. | ) | Judge Conlon |
| | ) | Magistrate Judge Cole |
| ATM SOLUTIONS, INC., | ) | |
| and DOES 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S AMENDED MOTION FOR CLASS CERTIFICATION**[1]

Plaintiff Tamara Vance respectfully requests that this Court enter an order determining that this Electronic Funds Transfer Act ("EFTA") action may proceed as a class action against defendants ATM Solutions, Inc. ("ATM Solutions") and Does 1-5. Plaintiff defines the class as (a) all persons who used the ATM operated by ATM Solutions, Inc. at 200 Ravinia Park Rd., Highland Park, Illinois, 60035, (b) and were charged a fee (c) during a period beginning on October 5, 2010 and ending on October 25, 2011.

Plaintiff further requests that Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the class.

In support of this motion, Plaintiff states:

**NATURE OF THE CASE**

1. This case concerns defendant's alleged violation of the Electronic Funds

---

[1] Exhibits referenced are attached to Memorandum in Support of Plaintiff's Amended Motion for Class Certification.

Transfer Act, 15 U.S.C. §1693 et seq. ("EFTA"), and implementing Federal Reserve Board Regulation E, 12 C.F.R. part 205.

2. On July 17, 2011, within one year prior to the filing of this action, plaintiff conducted an electronic funds transfer at the ATM operated by defendant at 200 Ravinia Park Rd., Highland Park, Illinois, 60035.

3. Plaintiff was charged a fee by the ATM. (A redacted copy of the receipt issued to plaintiff is attached as <u>Exhibit A</u>.) No notice stating that a fee would or may be charged was posted at or near the ATM. Photographs of the ATM are attached as <u>Exhibit B</u>.

4. Plaintiff alleges that defendant failed to notify the public, as required by law, that they will be required to pay a fee each time they use the ATM.

**CLASS CERTIFICATION REQUIREMENTS**

5. This claim is brought on behalf of a class, consisting of (a) all persons who used the ATM operated by ATM Solutions, Inc. at 200 Ravinia Park Rd., Highland Park, Illinois, 60035, (b) and were charged a fee (c) during a period beginning on October 5, 2010 and ending on October 25, 2011.

6. The class is so numerous that joinder of all members is impracticable.

7. It is reasonable to assume that there are more than 50 persons who used the ATM operated by ATM Solutions, Inc. at 200 Ravinia Park Rd., Highland Park, Illinois, 60035, and who were charged a fee, during a period beginning on October 5, 2010 and ending on October 25, 2011. The fact that an ATM has to be used by multiple persons per day for it to be profitable to maintain would clearly satisfy the numerosity requirement of 40-50 class members. Even using a conservative estimate of only one transaction per day at the ATM, there would be

385 class members falling within the proposed class definition.[2]  There is no question that such a number clearly satisfies the numerosity requirements.

8.  There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members.  The predominant common question is whether defendant's ATM was posted with the notices required by law.

9.  Plaintiff's claims are typical of the claims of the class members.  All are based on the same legal and factual issues.

10.  Plaintiff will fairly and adequately represent the members of the class.  Plaintiff has retained counsel experienced in the prosecution of consumer credit claims and class actions (Exhibit D).

11.  A class action is superior for the fair and efficient prosecution of this litigation.  Classwide liability is essential to cause defendant to stop its improper conduct.  Many class members may be unaware that they have been victims of illegal conduct.

12.  In further support of this motion, Plaintiff submits the accompanying memorandum of law.

13.  Plaintiff is filing a class certification motion at this time because of the decision in White v. Humana Health Plan, Inc., 06 C 5546, 2007 U.S.Dist. LEXIS 32263 (N.D.Ill., May 2, 2007).

WHEREFORE, Plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action.

---

[2] Plaintiff will attempt to obtain the exact number of transactions through discovery.

Respectfully submitted,

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
 & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

      I, Daniel A. Edelman, hereby certify that on November 17, 2011, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system. The foregoing document will be served by hand delivery upon the following party along with the summons and amended complaint in this matter:

**ATM Solutions, Inc.**
c/o Ariella L. Omholt
Sidley Austin LLP
One South Dearborn
Chicago, Illinois 60603

                                            s/Daniel A. Edelman
                                            Daniel A. Edelman